# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>MARIO ABIMAEL RAMIREZ-PATINO,<br><br>                              Defendant. | Case No.: 18cr2919-MMA<br><br>**ORDER AND JUDGMENT OF DISMISSAL** |

      Defendant Mario Abimael Ramirez-Patino is charged in a single-count Indictment with being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a). Defendant moves to dismiss the Indictment with prejudice pursuant to 8 U.S.C. § 1326(d), on the grounds that the current charge is predicated on an invalid order of removal. *See* Doc. No. 17. The government also moves to dismiss the Indictment – without prejudice – pursuant to Federal Rule of Criminal Procedure 48(a). *See* Doc. No. 20. The government indicates that "it cannot prosecute this case consistent" with its "legal obligations." *Id*. at 1.

      Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The "leave of court" requirement does not abrogate the government's prosecutorial discretion. *See United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995) (holding that "the district court's

discretion to deny [a prosecutor's request to dismiss under Rule 48(a)] is limited."). Therefore, "when the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*. 860 F.2d 1483, 1487-88 (9th Cir. 1988). There is no suggestion here of bad faith on the part of the government.

Accordingly, the Court **GRANTS** the government's motion and **DISMISSES** the Indictment against Defendant without prejudice. The Court **DIRECTS** the Clerk of Court to terminate all other pending motions, deadlines, and hearings.

**IT IS SO ORDERED AND ADJUDGED**.

DATE: October 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge